RICARDO REMSDEN, PLAINTIFF-APPELLANT, v. DEPEND-
ABLE INSURANCE CO., DEFENDANT-RESPONDENT.

Argued November 9, 1976—Decided December 23, 1976.

*Mr. Leonard J. Altamura* argued the cause for appellant
(*Messrs. Altamura and Finnerty,* attorneys).

*Mr. Bryan Cohen* argued the cause for respondent (*Messrs. Ballen and Cohen,* attorneys; *Mr. Arthur E. Ballen* on the brief).

The opinion of the court was delivered by

SCHREIBER, J. The plaintiff Ricardo Remsden instituted an action in the Hudson County District Court to recover from his collision insurance carrier, the defendant Dependable Insurance Company, Inc., compensation for damages resulting from an accident involving his vehicle. The District Court concluded that the plaintiff was not entitled to recover because of a false representation made in the plaintiff's application for the policy. The Appellate Division affirmed by a vote of 2 to 1 and the appeal is before us as of right by virtue of the dissent. *R.* 2:2–1(a).

The Dependable Insurance Company, Inc., authorized to issue policies in the State under the surplus lines law, *N. J. S. A.* 17:22–6.40 *et seq.,* distributed a one page application form to customers seeking a collision policy. Following a part of the form entitled "Insured's Statement" was a request for "the only drivers of the described vehicles". This was followed by a statement that "motor vehicle reports will be drawn on all listed drivers." The plaintiff, who sought coverage for his Ford Mustang, filled in only his name as a driver. At the bottom of the form and above the signature appeared the statement: "Failure on the part of the insured to indicate other drivers and new drivers as they become drivers and residents of insured's household shall void coverage with respect to such other drivers."

The defendant issued its policy in which it agreed to pay for direct and accidental damage to the plaintiff's automobile caused by collision within a one year period commencing November 15, 1971. No reference was made in the policy to the application form or to any of the statements contained therein. On November 30, 1971, the car while being driven by the plaintiff's brother Felix was involved in an accident. The property damage was stipulated at $2600. The insurance carrier, although it expressly disclaimed any intentional mis-

representation or fraud, refused payment because Felix's name had not been listed as a driver on the application.

The trial court held that, although the defendant had not proven or relied upon fraud, the plaintiff had made a false statement in the application which the defendant had relied upon and therefore the policy was voidable. The Appellate Division, agreeing with the trial court, rejected the plaintiff's contention that the application statements were meaningless because they were not incorporated or referred to in the policy. It also concluded that the application language calling for the names of drivers was clear and unambiguous and that the defendant relied upon the representation that only the named insured would drive the car.

Judge Botter dissented on a number of grounds. We find it necessary to advert to only one, *viz.*, construction of the provision in the application to list all drivers of the car. It is settled that a material factual misrepresentation made in an application for insurance may justify rescission if the insurer relied upon it to determine whether or not to issue the policy. *American Policyholders' Ins. Co. v. Portale,* 88 *N. J. Super.* 429, 434–435 (App. Div. 1965). It is also well established that ambiguities in insurance contracts or application forms are to be resolved against the insurer. *Bryan Construction Co. v. Employers' Surplus Lines Insurance Co.,* 60 *N. J.* 375, 377 (1972).

The ambiguity in the application form is evident. When the carrier requested the names of "the only drivers" of the vehicle, what information would the applicant understand was being sought? Should possible emergent drivers be listed? Occasional drivers? Possible drivers who were members of the same household? The only reasonable interpretation of the request to an average purchaser of insurance would be the names of regular drivers. *See Kissil v. Beneficial Nat. Life Ins. Co.,* 64 *N. J.* 555, 561 (1974); *Kievit v. Loyal Protect. Life Ins. Co.,* 34 *N. J.* 475, 488 (1961).

It was therefore the defendant's burden to establish by a fair preponderance of the evidence that Felix was a regular

driver of the car in question. This it failed to do. The only pertinent evidence in the record on the point was that Felix operated the vehicle on only the occasion when the accident occurred. Accordingly, the plaintiff is entitled to a judgment on the liability issue. Although the property damage was stipulated at $2600, it appears that the defendant made some payment to the Hudson Trust Company to whom the loss was payable because of a lien on the car. The matter must therefore be remanded to the trial court to determine the amount due the plaintiff.

Reversed and remanded.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD — 7.

*For affirmance*—None.