# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4898-18T6

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES E. BRYANT,

      Defendant-Appellant.

_____

> Submitted October 2, 2019 - Decided November 7, 2019
>
> Before Judges Yannotti and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Warrant No. 2019-006201-0714.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth Cheryl Jarit, Deputy Public Defender, of counsel and on the briefs).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James E. Bryant appeals from the June 14, 2019 Law Division order requiring his pretrial detention pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. We affirm.

I

The record shows that on April 30, 2019, at around 9:30 a.m., police observed defendant driving the wrong way down a one-way street in Newark. The officers activated the lights and siren on their patrol vehicle to make a motor vehicle stop. Rather than pull over, defendant disregarded the command to stop and proceeded to speed down a busy street, weaving between vehicles, speeding through a red light, and nearly hitting a pedestrian as he drove onto the sidewalk. After defendant lost control and crashed, he exited the car and ran into a park, where the officers found him hiding behind a storage unit. The officers placed defendant under arrest and charged him with second-degree eluding.[1]

The State filed a motion for defendant's pretrial detention. The Public Safety Assessment (PSA) prepared by the Pretrial Services Program (PSP) scored defendant 2 out of 6, with 6 being the highest, for risk of failure to appear, and 3 out of 6 for risk of new criminal activity. Despite the dangerous nature of

---

[1] On July 2, 2019, after entry of the order under review, a grand jury in Essex County returned an indictment charging defendant with second-degree eluding, N.J.S.A. 2C:29-2b, and fourth-degree resisting arrest, N.J.S.A. 2C:29-2a(2).

A-4898-18T6

the charge and defendant's conduct, the computer-generated PSA did not include a New Violent Criminal Activity flag indicating an elevated risk of violence. The PSA recommended release with conditions.

At the pretrial detention hearing, defendant conceded probable cause. After hearing argument, the motion judge granted the State's motion and ordered defendant's pretrial detention, notwithstanding the PSP recommendation of pretrial release with conditions. Among the reasons for his decision, the judge noted defendant's "extremely reckless" driving, his attempt to flee after losing control of his vehicle, and the fact he faced "a presumption of incarceration" and "anywhere between five and ten years in State prison" if found guilty of eluding, a second-degree crime.

Defendant appealed and we remanded the matter to the trial court for reconsideration, and provided:

> On remand, the trial court shall reconsider its detention analysis and address the arguments presented in defendant's appellate brief, including the assertion that the court violated State v. Mercedes, [223 N.J. 152 (2018)] by placing undue reliance on the pending New Jersey charges. The parties and the trial court shall also endeavor to ascertain the current status of the disorderly persons trespass charges in New York, which apparently are defendant's only other criminal or quasi-criminal matters in his history.

3

On remand, the motion judge conducted another detention hearing. He first determined defendant's New York case remained pending, with July 15, 2019 set as the next court date. After hearing argument from counsel, the motion judge began by noting that he was "keenly aware" of the presumption against detention in this case, as well as the factors that need to be addressed by the court in any detention hearing.

Beginning with the first of those factors – the nature and circumstances of this offense – the judge noted "the dangerous circumstance" presented by the events involved in defendant's alleged second-degree eluding. He detailed the nature and circumstances of this particular eluding: after ignoring police instructions to stop his vehicle for driving the wrong way down a one-way street, defendant evaded police, disregarding their lights and sirens, driving at a high rate of speed and in an "extremely reckless" manner by weaving in between vehicles, running a red light, "and driving up on a sidewalk narrowly missing pedestrians." Defendant then lost control of his vehicle and crashed. He forced police to pursue him further by fleeing the scene on foot before finally being apprehended.

Turning next to the weight of the evidence, the motion judge found that while this factor could be seen as related to the nature and circumstances of this

4

offense, it is a separate consideration. <u>Accord</u> N.J.S.A. 2A:162-20a and -20b. The judge found the weight of the evidence in this case "quite strong," including the observations of two police officers, and dashcam and bodycam videos. He concluded the State has a "very strong" case against defendant.

Regarding the third factor, the nature and circumstances of the characteristics of the defendant, the motion judge noted that he specifically considered – both at the initial hearing and again on remand – defendant's prospective employment and ties to the community. He also reviewed the PSA, which indicates defendant is 26, scored a 2 on the failure-to-appear scale and a 3 on the risk of new criminal activity scale, and has one pending charge of criminal trespass out of New York.

Addressing <u>Mercedes</u>, the motion judge noted that case, along with now-amended <u>Rule</u> 3:4A(b)(5), stands for the proposition that when the PSA contains a no-release recommendation that is based exclusively on the charged offense, the court is no longer permitted to use that recommendation as prima facie evidence to overcome the presumption of release. <u>See</u> 233 N.J. at 155. The judge made clear that he "cannot and is not relying exclusively on the nature and circumstances of the offense" in this case.

The motion judge further noted that defendant's open criminal trespass charge out of New York qualifies as a "pending charge" that the court may consider. See Mercedes 233 N.J. at 174. The judge did in fact consider it later, noting that defendant was out on pretrial release, albeit not being monitored, on his pending New York charge, which makes it "an appropriate consideration for the Court to place some weight on that fact."

Turning to the fourth statutory factor – the nature and seriousness of the danger to any other person or the community that would be posed by the eligible defendant's release, if applicable – the judge noted he was "extremely cognizant" that defendant, like all others, is entitled to the presumption of innocence. Defense counsel argued that by prefacing consideration of this factor with a phrase like "if convicted" or "if these allegations prove to be true," the judge was "presuming [defendant's] guilt to establish his dangerousness." After a lengthy discussion, the judge decided that he would not consider this factor because he already considered the facts and circumstances of this case as part of his analysis on the first detention factor, nature and circumstances of the offense.

Considering the totality of the circumstances of this case, the motion judge then concluded, "by clear and convincing evidence, that there is no amount of monetary bail, no monetary conditions, or combination of monetary bail and

A-4898-18T6

conditions that would protect the safety of any other person or the community, as well as the defendant's appearance in court when required."

The judge reasoned that the nature and circumstances of this particular case indicate an increased risk defendant will not appear when required. He noted that "the lights and sirens by the police were telling him to pull over . . . and he didn't. He was trying to escape . . . indicative of someone who may not want to come back to court . . . . "

The judge then entered an order continuing defendant's pretrial detention. The order specifically listed "(1) the nature and circumstances of the offense, (2) the weight of the evidence which is very strong . . . , and (3) [d]efendant's criminal history" as reasons for defendant's pretrial detention. This appeal followed.

II

The decision on whether to order a defendant's pretrial detention is committed to the sound discretion of the trial court and will not be reversed unless shown to be a mistaken exercise of discretion. State v. S.N., 231 N.J. 497, 515 (2018) (citing State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)). To show an abuse of discretion, the defendant must establish that the trial court's decision "rest[s] on an impermissible basis," "was based upon a

A-4898-18T6

consideration of irrelevant or inappropriate factors," shows that the court "fail[ed] to take into consideration all relevant factors[,]" and represents "a clear error [of] judgment." Id. at 515-16 (quoting C.W., 449 N.J. Super. at 255) (internal quotations omitted).

N.J.S.A. 2A:162-20 provides that in determining whether the State has met its burden of showing whether a defendant should be detained pretrial, the court may take into account:

> a. The nature and circumstances of the offense charged;
>
> b. The weight of the evidence against the eligible defendant, except that the court may consider the admissibility of any evidence sought to be excluded;
>
> c. The history and characteristics of the eligible defendant, . . . .
>
> d. The nature and seriousness of the danger to any other person or the community that would be posed by the eligible defendant's release, if applicable;
>
> e. The nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by the eligible defendant's release, if applicable; and
>
> f. The release recommendation of the pretrial services program . . . .

A-4898-18T6

On appeal, defendant argues the trial court abused its discretion by "committing the same errors that necessitated the remand" order. He contends the judge violated Mercedes by essentially ordering his pretrial detention based solely on the basis of the alleged offense itself. We disagree.

The record reflects the motion judge considered defendant's personal characteristics, including his age, lack of criminal record, pending New York charge, PSA scores, prospective employment, and ties to the community. He also considered the PSA recommendation to release defendant with conditions. The judge acknowledged that these factors, with the exception of the pending New York charges, weighed against the State's motion for pretrial detention.

Defendant asserts the motion court put undue weight on the nature and circumstances of the offense, arguing that every second-degree eluding creates a risk of injury. If we were to accept this argument, the nature and circumstances of the offense could never be considered in a second-degree eluding case because every second-degree eluding case includes ignoring police commands to stop, thereby creating a risk of bodily injury. While those are the elements of eluding, we agree with the State that "defendant did more than satisfy them at a prima facie level; he created a risk of serious bodily injury and even death in the way in which he eluded, when he eluded, where he eluded, and for how long he

eluded." Defendant's dangerous conduct did not end when he crashed his car; instead, it continued as he placed the police and others at risk as he tried to escape on foot.

Defendant also argues that the facts in this case "comprise a typical second-degree eluding case." We reject this argument as defendant did far more than satisfy the basic elements of an eluding charge – speeding in a densely-populated area at 9:30 a.m., illegally reversing, disregarding stop signs and red lights, and driving up on a sidewalk, narrowly missing pedestrians. We discern no error in the motion judge affording this factor considerable weight.

Defendant further argues that S.N. supports his pretrial release. In S.N., a case involving a charge of aggravated sexual assault of a step-daughter by her step-father, the Supreme Court reversed the detention decision, explaining that the trial court improperly "based its detention decision almost entirely upon the offense charged, even though that charge does not carry a presumption of detention." Id. at 518. We find S.N. readily distinguishable; in that case, the defendant was arrested in 2017 for crimes allegedly committed in 2012. Id. at 501. The defendant's PSA scores were 1/1, the defendant had not lived in the same home as the victim for two years, and the State based its case on the word of the child victim regarding events that occurred five years before. Id. at 501-

02. In the case under review, defendant's PSA scores were 2/3, the alleged very serious offense occurred weeks before as opposed to years before, and the State's case is, as assessed by the motion judge, "very strong," given the observations of multiple law enforcement officers and the video evidence.

Defendant additionally argues the motion court improperly considered evidence listed in the Preliminary Law Enforcement Incident Report (PLEIR) that was not introduced at the detention hearing, in violation of State v. Robinson, 229 N.J. 44, 73 (2017). However, the State was not required to turn over in discovery the surveillance videos referenced in the affidavit of probable cause and the PLEIR. "Neither the original nor the revised version of Rule 3:4–2(c) calls for disclosure of surveillance videos and similar items. Instead . . . if the affidavit of probable cause refers to a video, the State must disclose any existing statement or report that summarizes its contents." Id. at 73. Here, the officer's affidavit of probable cause summarized the contents of those videos.[2]

---

[2] In that affidavit, Officer Jose Espana indicated what he and his fellow officers observed firsthand, and that a body-worn camera (BWC) was activated. His and other officers' observations were made from police vehicles, and in the PLEIR he indicates there is video from a dashboard camera. Given the positioning of those cameras (the BWC on the person and the dashcam facing outward from a police vehicle), those videos presumably show much of what the officers observed and what Officer Espana summarized in his affidavit.

Since defendant was indicted on July 2, 2019, his counsel now has access to the video evidence referenced in the PLEIR and summarized in the affidavit of probable cause. If what the videos show materially conflicts with the officer's summary, defendant can file a motion to reopen the detention hearing. See N.J.S.A. 2A:162-19f, R. 3:4A(b)(3).

We are satisfied the record contains sufficient evidence to support the trial court's findings of fact. The findings are not based on speculation or unsupported assumptions. We conclude the motion judge's decision to require defendant's pretrial detention does not constitute a mistaken exercise of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4898-18T6