NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5685-16T4

ROBERT KATCHEN,

      Plaintiff-Respondent,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY ("GEICO"),

      Defendant-Appellant,

and

RIDER INSURANCE COMPANY
("RIDER"), and FARMERS INSURANCE
COMPANY OF FLEMINGTON
("FARMERS"),

      Defendants-Respondents.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **January 22, 2019** |
| **APPELLATE DIVISION** |

Submitted November 27, 2018 – Decided January 22, 2019

Before Judges Fisher, Hoffman and Suter
(Judge Suter dissenting).

On appeal from Superior Court of New Jersey, Law
Division, Morris County, Docket No. L-2766-16.

Rudolph & Kayal, PA, attorneys for appellant (Darren
C. Kayal, on the briefs).

Blume, Forte, Fried, Zerres & Molinari, PC, attorneys for respondent Robert Katchen (David M. Fried, on the brief).

Kriney & Vaughan, attorneys for respondent Rider Insurance Company (William E. Vaughan, on the brief).

Murray A. Klayman, PC, attorneys for respondent Farmers Insurance Company of Flemington (Murray A. Klayman, on the brief).

The opinion of the court was delivered by

HOFFMAN, J.A.D.

In this appeal, we consider whether an auto insurer may combine uninsured (UM) and underinsured motorist (UIM) coverage in a single section and include exclusions not listed on the policy's declaration page. We also consider if an insurer may exclude UIM coverage for an accident involving a vehicle owned by the insured but not covered under the subject policy. Because we find the exclusion does not violate public policy or result in ambiguity, we reverse.

I.

In December 2015, plaintiff suffered injuries in a motor vehicle accident while operating his Harley Davidson motorcycle. Prior to settling with the other driver for his policy limit of $25,000, plaintiff submitted a UIM claim under three insurance policies he maintained: a motorcycle policy issued by

defendant Rider Insurance Company (Rider), a commercial auto policy issued by defendant Farmers Insurance Company of Flemington (Farmers), and a personal auto policy issued by defendant Government Employees Insurance Company (GEICO).[1]

In response, GEICO "disclaim[ed] coverage" based on an exclusion in its policy. In its disclaimer letter, GEICO identified the relevant policy language supporting its decision.

Section IV of GEICO's policy, which addresses both UM and UIM coverages, provides, in relevant part:

> LOSSES WE PAY
>
> We will pay damages for <u>bodily injury</u> and <u>property damage</u> caused by an accident which the insured is legally entitled to recover from the owner or operator of an <u>uninsured motor vehicle</u> or <u>underinsured motor vehicle</u> arising out of the ownership, maintenance[,] or use of that vehicle.

However, Section IV excludes coverage for "<u>bodily injury</u> sustained by an <u>insured</u> while occupying a motor vehicle owned by an <u>insured</u> and not described in the [d]eclarations and not covered by the Bodily Injury and Property Damage liability coverages of this policy." Because the motorcycle,

---

[1] The Rider policy provided $100,000 of UIM coverage, the Farmers policy provided $1,000,000 in UIM coverage, and the GEICO policy provided UIM coverage of $250,000.

although owned by plaintiff, was not listed on the policy it issued, GEICO determined it did not constitute an "owned auto," which the policy defined as a "vehicle described in this policy for which a premium charge is shown for these coverages." Based upon this determination, GEICO denied plaintiff's claim.

Upon receiving GEICO's disclaimer, plaintiff filed a complaint against all three defendant insurance carriers, seeking a declaratory judgment that the UIM coverage of all three carriers applied to the subject accident. GEICO then filed a motion for a declaratory judgment, urging the court to find its owned-motor-vehicle exclusion "valid, unambiguous, and enforceable." The motion court denied GEICO's motion, viewing the language of GEICO's policy as ambiguous, and holding that GEICO failed "to comply with the statutory requirements [of] N.J.S.A. 17:28-1.1."

The parties thereafter came to an agreement that Rider and Farmers would pay their pro-rata share of the $975,000 in UIM coverage owed to plaintiff, and GEICO would take this appeal; if GEICO does not prevail, it would pay its pro-rata share as well. Plaintiff, Rider, and Farmers (respondents) all oppose GEICO's appeal and urge us to affirm.

A-5685-16T4

II.

We review the interpretation of a contract de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); Sealed Air Corp. v. Royal Indem. Co., 404 N.J. Super. 363, 375 (App. Div. 2008). When an insurance contract's terms are clear and unambiguous, we interpret the policy as written, using the "plain, ordinary meaning" of the words used. Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001). But where an ambiguity arises, we interpret the policy in favor of the insured and against the insurer. President v. Jenkins, 180 N.J. 550, 562-63 (2004).

An ambiguity exists when "the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979). We consider the entire policy in determining if an ambiguity exists, but do not "engage in a strained construction to support the imposition of liability." Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 537 (1990). Insurance policies are to be interpreted narrowly, but the provisions within are presumed valid and effective if "specific, plain, clear, prominent, and not contrary to public policy." Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997) (citing Doto v. Russo, 140 N.J. 544, 559 (1995)).

A-5685-16T4

On appeal, GEICO argues the motion judge incorrectly found the subject policy ambiguous and in violation of N.J.S.A. 17:28-1.1. GEICO asserts its exclusion unambiguously bars UIM coverage for a loss sustained by plaintiff while operating a motor vehicle he owned but did not insure under GEICO's policy. We agree.

Respondents argue GEICO's policy, which addresses both UM and UIM coverage in the same section, violates the statutory mandate that all motor vehicle liability policies, except basic automobile insurance policies, shall include coverage "for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured motor vehicle . . . ." N.J.S.A. 17:28-1.1. This violation of the statutory mandate regarding UM coverage, respondents assert, renders the entire section ambiguous. See Rider Ins. Co. v. First Trenton Cos., 354 N.J. Super. 491, 498 (App. Div. 2002); N.J.S.A. 17:28-1.1. Respondents further argue the lack of a distinction between UM and UIM will either cause a policyholder to believe that UM coverage is not available, or will leave the policyholder confused as to when UM benefits apply.

Respondents' arguments lack merit. This case does not involve UM coverage. Plaintiff did not present a claim for UM benefits, only UIM

benefits. Whether the clause is ambiguous as to the UM benefits has no bearing on whether the clause is ambiguous in regards to UIM benefits.

Additionally, we do not find the policy's definitions or lack of definitions of certain terms render it ambiguous. The policy excludes UIM coverage when an insured suffers injuries in a "motor vehicle" owned by the insured but not covered by the policy. Plaintiff asserts the failure to define "motor vehicle" results in an ambiguity as to the difference between "autos" and "motor vehicles," despite the fact that the exclusion only uses the term "motor vehicle." While GEICO could have included a definition of "motor vehicle" in its policy, if the words used in an exclusionary clause are clear and unambiguous, "a court should not engage in a strained construction to support the imposition of liability." Longobardi, 121 N.J. at 537.

The challenged exclusion explicitly states UIM coverage is not provided for an insured's injuries sustained in a motor vehicle owned by the insured but not covered by the policy. Any ordinary reasonable person understands a motorcycle is a type of motor vehicle. Of note, the legal definition of motor vehicle includes a motorcycle. See N.J.S.A. 39:1-1 (defining "motor vehicle" to include "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles").

In addition, plaintiff would have specifically understood that his motorcycle constituted a motor vehicle when he registered it with the State since the registration application calls for "the name of the insurer of the vehicle and the policy number." N.J.S.A. 39:3-4 (requiring owners to register vehicles driven on public roadways, including motorcycles, and to obtain separate insurance).

Respondents also argue the exclusion in the policy is inconsistent with the intent and underlying policy of the UIM statute because the policy's declaration page gave no warning of the exclusion and it improperly ties the UIM coverage to the insured vehicle rather than the insured person. Respondents further argue the insured's reasonable expectations cannot be defeated "unless the declaration page itself so warns the insured," citing Universal Underwriters Ins. Co. v. N.J. Mfrs. Ins. Co., 299 N.J. Super. 307, 319 (App. Div. 1997) (quoting Lehrhoff v. Aetna Cas. & Sur. Co., 271 N.J. Super. 340, 347 (App. Div. 1994)). However, an insured's reasonable expectations only matter when the court finds the relevant language ambiguous. See Passaic Valley Sewerage Com'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 608 (2011). Because we do not find the language ambiguous, we need not consider plaintiff's claimed reasonable expectations. Regardless, the facts and circumstances of this case do not support an

8

argument that plaintiff had a reasonable expectation that the UIM coverage in his auto policy would apply to a claim involving his motorcycle, a vehicle not covered on his auto policy.

Respondents also misplace reliance on Universal. In that case, as here, the insured maintained an auto policy covering his automobiles but not his motorcycle, which he separately insured with Universal Underwriters Insurance Company (Universal). Universal, 299 N.J. Super. at 311. The insured sustained injuries in an accident while operating his motorcycle, and Universal took the position that the UIM coverage of the insured's auto insurer, New Jersey Manufacturers Insurance Company (NJM), should "participate on a pro[-]rata basis in any potential award." Ibid. NJM rejected the claim, in part because the liability section of its policy excluded liability coverage for motorcycles, i.e., for motorized vehicles with fewer than four wheels. Id. at 311-12. However, unlike the case under review, in Universal, the UIM section of NJM's policy contained no exclusion for injury to an insured while using an owned vehicle not insured under the NJM policy. Id. at 313-15.

Under those circumstances, we rejected NJM's argument that either the coverage provisions of N.J.S.A. 17:28-1.1(b), or the motorcycle exclusion provision in the liability section of the policy, would operate to limit the

insured's right to UIM coverage for the motorcycle accident. Id. at 318, 322-23. We concluded:

> [S]ince NJM's policy provides UIM coverage for injuries sustained by an insured in an accident with an underinsured motorist, regardless of whether the vehicle the insured is occupying is insured under its policy, and NJM by its policy terms agrees to share in the loss if other insurance is applicable, NJM must participate in the loss.
>
> [Id. at 315.]

Because the case involved the application of a liability provision to UIM coverage, in Universal we determined an ambiguity existed. Therefore, we proceeded to examine the insured's reasonable expectations to determine if the exclusion applied. We turned to the policy's declaration page, which made no mention of the UIM exclusion. Id. at 319. We noted that "boilerplate exclusions could not be used to defeat coverage implied from the express terms of the declaration page," that the reasonable expectations created by the declarations page are controlling, and "therefore, [they] cannot be defeated unless the declaration page itself so warns the insured." Ibid. (quoting Lehrhoff, 271 N.J. Super. at 347) (internal quotation marks omitted). Because the declaration page did not mention any exclusion, we rejected NJM's "technical argument that because its policy excludes from any liability coverage an accident arising from the use of a motorcycle, the insurance

statutes bar recovery under the underinsured motorist section of its policy." Id. at 316.

Here, GEICO's declaration page does not list any exclusions. Thus, respondents argue the subject UIM exclusion cannot be enforced. However, we find Universal readily distinguishable. Universal concerned the application of a liability provision to a UIM claim. Id. at 320. This case concerns the application of a clearly-worded UIM provision to a UIM claim.

In Morrison v. American International Insurance Co. of America, 381 N.J. Super. 532, 540 (App. Div. 2005), we noted the well-established principal that clear language in the policy should be interpreted as written. Id. at 538 (citing Nav-Its, Inc. v. Selective Ins. Co., 183 N.J. 110, 118 (2005); President v. Jenkins, 180 N.J. 550, 562 (2004)). We further noted that our Supreme Court has "refused to endorse a per se rule that an insurance contract is ambiguous solely because its declaration[]s sheet, definitions section, and exclusion provisions are separately presented." Id. at 540 (discussing Zacarias v. Allstate Ins. Co., 330 N.J. Super. 231 (App. Div. 2000), aff'd, 168 N.J. 590 (2001)). A rule that would require exclusions to appear on the declaration page would result in even more fine print and "run the risk of making insurance policies more difficult for the average insured to understand." Id. at 540-41 (citing Zacarias, 168 N.J. at 603). It would also eviscerate the rule that

11

a clause should be read in the context of the entire policy. Id. at 541 (citing Zacarias, 168 N.J. at 603).

Applying Zacarias and Morrison, the declaration page here does not control. The failure to list the exclusion at issue on the declaration page does not automatically render the contract ambiguous. Reading the GEICO policy in its totality, we conclude the exclusion is clear and unambiguous. The fact that the exclusion is not mentioned on the declaration sheet does not bar its enforcement.

Respondents also argue the exclusion cannot be enforced because UIM coverage must follow the driver – not the vehicle. In Universal, we held we could not impose the liability provision on UIM coverage because to do so would link UIM protection to the vehicle. Universal, 299 N.J. Super. at 322 ("It is improper to incorporate a policy's liability exclusions, which are vehicle oriented, into the [UIM] provisions because the two sections provide entirely separate and distinct types of coverage."). Unlike the NJM policy in Universal, the UIM exclusion at issue here appears in the section dealing with UIM coverage.[2]

---

[2] Of note, in Universal, Judge Landau's concurring opinion addressed the prospect that a clearly worded UIM exclusion could lead to a different result:

(continued)

Respondents further assert UIM insurance follows the insured and not the vehicle.  Aubrey v. Harleysville Ins. Cos., 140 N.J. 397, 399 (1995).  But GEICO's policy is not inconsistent with this mandate.  GEICO's exclusion states it will not cover losses occurring in an owned vehicle not insured under its policy.  This does not mean the policy will only cover losses that occur in a covered vehicle.  Had plaintiff suffered injuries while in a rental car or another vehicle he did not own, the exclusion would not apply.  Likewise, had plaintiff been struck by a vehicle while walking down the street, the exclusion would not apply.  Thus, GEICO's policy does not unlawfully link coverage to an insured's vehicle.

Our dissenting colleague finds Section IV of GEICO's policy ambiguous because it "does not make clear there may be a difference between an insured auto and a motor vehicle for purposes of UM or UIM coverage."  In addition,

---

(continued)

> It is interesting to note that, prior to endorsement, the Universal policy contained a clause which expressly limited its UIM coverage to accidents involving the insured's motorcycle, i.e., to accidents for which liability coverage also exists.  Subject to compliance with applicable law, a similar UIM limitation might have been clearly and unambiguously expressed in the NJM policy.

> [Universal, 299 N.J. Super. at 324-25.]

the dissent finds significant that "the Department of Banking and Insurance Auto Insurance Buyers Guide does not reference any such nuanced type of exclusion for UIM" for the circumstances presented here, i.e. "if the car is not covered[,] then the insured is not covered."  Because this case does not concern UM coverage, and because the Buyer's Guide[3] provides only "general information," these arguments lack persuasion.

In Magnifico v. Rutgers Casualty Insurance Co., 153 N.J. 406, 415 (1998), our Supreme Court noted that its opinion in French v. New Jersey School Board Association Insurance Group, 149 N.J. 478, 493-95 (1997), "emphasized the significance of the clear language of applicable insurance policies in resolving cases of UIM coverage," and observed that "[p]olicy drafters have either anticipated or can anticipate most of the recurring problems in this area."  Significant to the matter under review, the Court

---

[3] The last page of the Buyer's Guide includes the following cautionary note, in bold:

> This Buyer's Guide is intended to provide general information to help you make coverage choices.  It is not a substitute for the policy language, which governs.  Additional information regarding coverages or premiums is available from the insurer or producer.

quoted with approval the rationale articulated by Judge Herman D. Michels in

Royal Insurance Co. v. Rutgers Casualty Insurance Co.:

> [W]e recognize that [UIM] coverage has been characterized by some courts as being "personal to an insured."  . . . .  However, this characterization of [UIM] coverage cannot overcome the clear and unambiguous language of a policy and render the policy's "excess" clause void and unenforceable.  It is fundamental that in the absence of a statutory prohibition to the contrary, an insurance company has a right to impose whatever conditions it desires prior to assuming its obligations, including providing whether its policy shall be primary to or excess over other collectible insurance, and how it will contribute with such other insurance. Such qualifying provisions should be construed in a common sense and logical fashion in accordance with the language used.
>
> [271 N.J. Super. 409, 419-20 (App. Div. 1994) (citing Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960); Schneider v. New Amsterdam Cas. Co., 22 N.J. Super. 238, 243 (App. Div. 1952); Wilkinson & Son, Inc. v. Providence Washington Ins. Co., 124 N.J. Super. 466, 469 (1973)).]

In defense of the challenged UIM exclusion, GEICO asserts the

> arguments advanced by the [r]espondents fail to consider how insurance companies write policies. Insurance is the business of risk evaluation. Companies issue policies to their customers based on the risks.  There are numerous valuations to go into the issuance of a policy.  However, one of the most significant in terms of the policy cost is the make, model, and year of the vehicles insured.

15

In this regard, we note that GEICO's declaration page does not list the 2006 Harley Davidson as a vehicle insured under the GEICO policy; instead, the policy lists only one insured vehicle, the insured's 2007 Dodge Ram. Given the fact that motorcycle operators and passengers sustain trauma in accidents without the protection found in autos and trucks, such as airbags, seatbelts and the vehicles themselves, it is axiomatic that motorcycle usage presents a far greater risk of injury than other motor vehicles.[4]

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] According to the National Highway Traffic Safety Administration, in 2016, 9.94 cars out of 100,000 ended up in fatal crashes, while the rate for motorcycles was 60.9 per 100,000 registered motorcycles; per vehicle mile traveled, motorcycles have a fatality rate twenty-six times greater than passenger cars. NAT'L HIGHWAY TRAFFIC & SAFETY ADMIN.'S NAT'L CTR. FOR STATISTICS & ANALYSIS, MOTORCYCLES: 2016 DATA (UPDATED, TRAFFIC SAFETY FACTS, REPORT NO. DOT HS 812 492) (2018).

A-5685-16T4

_____

**SUTER, J.A.D., dissenting.**

I most respectfully dissent. Section IV of the GEICO policy concerns uninsured motorist (UM) and underinsured motorist (UIM) coverages. It provides coverage to the policy insured as follows:

> We will pay damages for <u>bodily injury</u> and <u>property damage</u> caused by an accident which the Insured is legally entitled to recover from the owner or operator of an <u>uninsured motor vehicle</u> or <u>underinsured motor vehicle</u> arising out of the ownership, maintenance or use of that vehicle.

Section IV then includes fourteen exclusions that limit the scope of the coverage. Exclusion five declares that Section IV does not apply

> [t]o <u>bodily injury</u> sustained by an <u>insured</u> while occupying a motor vehicle owned by an <u>insured</u> and not described in the Declarations and not covered by the Bodily Injury and Property Damage liability coverages of this policy.

There is nothing "clear or unambiguous" here as the majority asserts. The Policy Index lists Section IV as pertaining to UM coverage, making no mention of UIM. It is only when Section IV is reviewed that it becomes clear the section addresses both UM and UIM. Section IV alternates between use of the term "insured," which is defined, and "you," which is defined in another section of the policy. It defines the term "insured auto" and then uses the term "motor vehicle" in the exclusions, which is not defined in the policy. This

section does not make clear there may be a difference between an insured auto and a motor vehicle for purposes of UM or UIM coverage. The Declarations page does not reference that there are any exclusions from the UM or UIM coverages, requiring the policyholder to read through the policy, discover the exclusions and then interpret them without the aid of fully defined terms.

The Supreme Court has said "[g]enerally speaking, courts construe insurance policies consistent with the objectively reasonable expectations of the insured." Aubrey v. Harleysville Ins. Cos., 140 N.J. 397, 404 (1995). We have said that ambiguities "found in the policy should be construed against the insurer and 'exclusionary clauses should be strictly construed.'" Universal Underwriters Ins. Co. v. New Jersey Mfrs. Ins. Co., 299 N.J. Super. 307, 312 (App. Div. 1997). My colleagues agree that when a policy is ambiguous, an insured's reasonable expectation then is considered. Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 608 (2011).

The reasonable expectation by an insured before this decision was that UIM coverage followed the insured and not the vehicle. Aubrey, 140 N.J. at 403 (citing Fernandez v. Selected Risks Ins. Co., 82 N.J. 236, 241 (1980)). This is because UIM is:

> first-party coverage insuring the policyholder and others who have the status as "insureds" under the policy against the possibility that they will be injured or suffer property loss in an accident caused by a

2

motor vehicle when the liability insurance covering that other vehicle is insufficient to pay their full losses.

[Universal, 299 N.J. Super. at 320 (quoting Craig & Pomeroy, N.J. Auto Ins. Law § 26:1 (1997)).]

The majority opinion agrees with that proposition and then proceeds to undercut it by agreeing with GEICO that if the vehicle is not listed in the Declarations page, there is no UIM coverage for the owner. According to the majority, therefore, if the car is not covered then the insured is not covered. The Department of Banking and Insurance Auto Insurance Buyers Guide does not reference any such nuanced type of exclusion for UIM.

Underinsured Motorist Coverage pays you if you are in an auto accident caused by a driver who is insured, but who has less coverage than your underinsured motorist coverage. Damages greater than the limits of the other driver's policy are covered by your policy up to the difference between the limits of your underinsured motorist coverage and the other driver's policy limit.

[New Jersey Auto Insurance Buyer's Guide 8 https://www.state.nj.us/dobi/division_consumers/pdf/a utoguide02.pdf (last visited December 21, 2018) (emphasis added).]

The Declarations page does not hint at an exclusion either.

The majority attempts to provide examples to prove their point that UIM coverage will continue, after this opinion, to follow the person and not the vehicle. For instance, the majority implies coverage will still apply where the

"plaintiff suffered injuries while in a rental car or another vehicle he did not own" or if plaintiff were "struck by a vehicle while walking down the street." We are not tasked with interpreting this policy for factual situations that are not before us, but the exclusion in paragraph six of Section IV should be considered before assuming that coverage will continue to follow the insured. Exclusion six provides that coverage does not apply "[t]o <u>bodily injury</u> sustained by an <u>insured</u> while <u>occupying</u> a motor vehicle not owned by, and furnished for the regular use of the <u>insured</u> when involved in an accident with an <u>underinsured motor vehicle</u>." This seems to exclude a plaintiff from UIM coverage in a vehicle he does not own.

The majority opinion provides that "whether the clause is ambiguous as to the UM benefits has no bearing on whether the clause is ambiguous in regard to UIM benefits." This appears to concede that the policy exclusion in question would be construed as ambiguous if we were dealing with UM coverage, but is "clear and unambiguous" for UIM coverage. It is error to conclude that the very same sentence in an exclusion is clear for one type of coverage and not for another. Respectfully, it is the same policy, the same sentence, and the same ambiguities.

This is not a question of which UIM policy is primary or excess as referenced by the majority in its citation to <u>Royal Insurance Co. v. Rutgers</u>

4                                                    <span>A-5685-16T4</span>

<u>Cas. Ins. Co.</u>, 271 N.J. Super. 409, 419-20 (App. Div. 1994); it is a matter of coverage. The question is whether the insured would understand from the Declarations page and policy provisions that UIM coverage was limited. As the Court stated in <u>Kievit v. Loyal Protective Life Ins. Co.</u>,

> [w]hen members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded "to the full extent that any fair interpretation will allow."
>
> [34 N.J. 475, 482 (1961) (citations omitted).]

I would affirm the trial court's order.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5685-16T4