**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0615-20

MARIA LOPEZ MENJIVAR,

    Plaintiff-Appellant,

v.

GLORIA RAMIREZ AND
NELTSON WILFREDO,

    Defendants,

and

STATE FARM INSURANCE
COMPANY,

    Defendant-Respondent.

_____

Argued November 4, 2021 – Decided December 22, 2021

Before Judges Fuentes, Gilson, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0387-20.

Randi S. Greenberg argued the cause for appellant (Thomas E. Hood, PA, attorneys; Thomas E. Hood, of

counsel and on the briefs; Randi S. Greenberg, on the briefs).

Mario A. Batelli argued the cause for respondent (Foster & Mazzie, LLC, attorneys; Carl Mazzie and Marc S. Mace, on the briefs).

Timothy J. Foley argued the cause for amicus curiae New Jersey Association for Justice (Foley & Foley, attorneys; Sherry L. Foley and Timothy J. Foley, of counsel and on the brief).

PER CURIAM

This appeal involves the interpretation of an automobile insurance policy issued to a corporation. Plaintiff Maria Lopez-Menjivar appeals from an October 16, 2020 order granting summary judgment to defendant State Farm Insurance Company (State Farm) and dismissing her claim for underinsured motorist (UIM) coverage. The trial court held that State Farm's policy did not provide UIM coverage to plaintiff, who was not an employee of the insured corporation. We agree and affirm.

I.

The material facts are not in dispute and were established in the summary-judgment record. Plaintiff was a passenger in a minivan and was injured when another vehicle rear-ended the van.

A-0615-20

Plaintiff, her friend, Yamira Peraza-Rodriguez, and plaintiff's boyfriend, Calvin Tzul, had just returned from visiting a casino in Pennsylvania. Peraza-Rodriguez had driven the minivan, a Toyota Sienna, and had parked it on the side of a street in Plainfield, near where plaintiff and Tzul lived. Plaintiff was seated in a back-passenger seat when a vehicle driven by Neltson Wilfredo struck the rear-end of the van. As a consequence, plaintiff suffered personal injuries.

The vehicle driven by Wilfredo was owned by Gloria Ramirez. Ramirez had a basic automobile insurance policy that did not include bodily-injury liability coverage. The minivan was owned by a limited liability corporation, J & Y Drywall (J&Y LLC), which had an automobile insurance policy issued by State Farm. Neither plaintiff nor Tzul were employees of J&Y LLC. The record does not explain what relationship, if any, Peraza-Rodriguez had to J&Y LLC. It is undisputed that, at the time of the accident, the minivan was not being used for a business purpose related to J&Y LLC.

In January 2020, plaintiff sued Ramirez and Wilfredo. Neither Ramirez nor Wilfredo answered or responded to the complaint. Thereafter, because plaintiff had failed to prosecute the claims against Ramirez and Wilfredo, the trial court administratively dismissed without prejudice the claims against

3

Wilfredo and issued a notice that it intended to dismiss the claims against Ramirez.

In July 2020, plaintiff amended her complaint to add State Farm as a defendant, asserting a claim for uninsured motorist coverage. State Farm filed an answer and shortly thereafter moved for summary judgment.

In support of its summary-judgment motion, State Farm pointed out that plaintiff's actual claim was for UIM coverage because Ramirez's car had a basic insurance policy and, therefore, under the governing law, a vehicle with a basic policy was not considered to be uninsured. See N.J.S.A. 17:28-1.1(2)(d) (providing that "uninsured motor vehicle[s]" shall not include automobiles covered by a "basic" policy). State Farm then argued that its policy did not provide UIM coverage to plaintiff because the policy limited UIM benefits to J&Y LLC, the named insured, "resident relatives," and anyone who may seek indemnity due to injury to a named insured or resident relative.

The trial court heard arguments on the summary-judgment motion on October 16, 2020. The court discerned no ambiguity in State Farm's policy and agreed with State Farm's interpretation of its policy. Accordingly, that same day, the court entered an order granting summary judgment to State Farm and dismissing plaintiff's complaint with prejudice. On January 13, 2021, plaintiff

dismissed the claims against Ramirez and Wilfredo. Although the notice of dismissal states that it was "without prejudice," we treat it as a final order because plaintiff has filed this appeal contending that it is an appeal from a final order.

II.

On appeal, plaintiff makes two arguments: (1) the State Farm policy is ambiguous and should be construed against State Farm; and (2) plaintiff had a reasonable expectation of coverage based on the policy's declaration page.

We also granted the New Jersey Association for Justice (the Association) leave to appear as amicus curiae. The Association joins in plaintiff's arguments. In addition, the Association argues that the Legislature did not intend to leave someone like plaintiff without coverage. In that regard, the Association contends that the basic policy on Ramirez's vehicle should be treated as providing no insurance coverage and plaintiff should be allowed to recover under State Farm's uninsured coverage.

We reject the arguments made by plaintiff and the Association. The State Farm policy was clear and unambiguous and does not provide UIM coverage to plaintiff. The Association's argument was not raised below and is inconsistent with the plain language of N.J.S.A. 17:28-1.1(2)(d).

A-0615-20

We review summary-judgment decisions de novo and apply the same standard as the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we consider whether there are any material fact disputes and, if not, whether the moving party is entitled to judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). The issue on this appeal is purely a question of law involving the interpretation of the State Farm automobile policy. In making that interpretation, we look to the plain meaning of the language of the policy. Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 537 (1990).

The State Farm policy provides UIM coverage to an "insured" for "bodily injury or property damage aris[ing] out of the ownership, operation, maintenance or use of an underinsured motor vehicle." UIM coverage, however, is limited to "insured." Insured is defined as "you"—that is, the named insured, "resident relatives," and any person entitled to recover damages due to injury to the named insured or a resident relative. The named insured in the policy was J&Y LLC. Plaintiff was not a named insured, nor was she an employee of J&Y LLC. Consequently, under the plain and unambiguous language of the State Farm policy, she has no UIM coverage.

A-0615-20

Plaintiff contends that the State Farm policy is ambiguous because it discusses uninsured and underinsured motorist coverage in the same section. Plaintiff also contends that the reference to "resident relatives" is confusing in the context of a commercial automobile insurance policy. "A 'genuine ambiguity' arises only 'where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'" Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 274 (2001) (quoting Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979)).

While State Farm's policy is not a model of clarity, there is no ambiguity concerning the limitations on the UIM coverage. Uninsured coverage and UIM coverage are discussed in separate subsections within the policy. Indeed, the policy clarifies that its definition of "uninsured motor vehicle" does not include "an underinsured motor vehicle." Ramirez's automobile insurance policy was a basic policy that excluded bodily injury liability coverage. The Legislature has stated that an automobile covered by a "basic" insurance policy is not considered to be an "uninsured motor vehicle." N.J.S.A. 17:28-1.1(2)(d). Consequently, there was no ambiguity in State Farm's policy concerning the distinction between uninsured coverage and UIM coverage.

7

Moreover, the use of the term "resident relative" does not create an ambiguity concerning plaintiff. Where the named insured is a corporation, the corporation has no "resident relatives." Nevertheless, contrary to plaintiff's assertions, that does not render the coverage "illusory." The governing statute states that an individual employed by an insured corporation is deemed to be provided with the maximum UIM coverage available under the policy. See N.J.S.A. 17:28-1.1(f). Therefore, employees are a statutorily prescribed class of persons who must be covered by the policy.

There may be "common sense reasons" to find coverage from a corporate automobile insurance policy, such as when the person is "not merely a permissive, occasional, or errand-specific user of the insured vehicle." Pinto v. N.J. Mfrs. Ins. Co., 365 N.J. Super. 378, 409 (App. Div. 2004) (quoting Macchi v. Conn. Gen. Ins. Co., 354 N.J. Super. 64, 75 (App. Div. 2002)), aff'd 183 N.J. 405 (2005). Both the statute and common sense recognize that State Farm's coverage would extend to some individuals, but not plaintiff.

Plaintiff also contends that she had a reasonable expectation that she would have UIM coverage based on the declaration page to the J&Y LLC policy. Initially, we note that plaintiff does not contend that she ever saw or was aware of the coverage provided for in the declaration policy. Just as importantly, "an

insured's reasonable expectations only matter when the court finds the relevant language ambiguous." Katchen v. Gov't Emps. Ins. Co., 457 N.J. Super. 600, 607 (App. Div. 2019). Because the State Farm policy clearly states who is insured and plaintiff is not within that definition, there is no ambiguity, and we need not consider plaintiff's alleged expectations. Indeed, a reasonable person in plaintiff's position could not expect coverage after reading the plain language of the policy. Ibid.

The Association makes an argument concerning the intent of the Legislature in providing for uninsured and UIM coverage. In that regard, the Association argues that a car insured by a basic policy lacking bodily injury liability insurance should be considered an uninsured vehicle for coverage purposes. We reject this argument for two reasons.

First, this argument was not made before the trial court. We generally decline to consider arguments that are not presented to the trial court. See State v. Sims, 466 N.J. Super. 346, 361 (App. Div. 2021); Fuhrman v. Mailander, 466 N.J. Super. 572, 596 (App. Div. 2021). Moreover, as an amicus curiae, the Association "must accept the case before the court as presented by the parties and cannot raise issues not raised" before the trial court. Nicholas v. Mynster,

213 N.J. 463, 477 n.13 (2013) (quoting <u>Bethlehem Twp. Bd. of Educ. v. Bethlehem Twp. Educ. Ass'n</u>, 91 N.J. 38, 48-49 (1982)).

Second, even if we were to consider the Association's argument, it is inconsistent with the plain language of the relevant statutory provisions. The Association argues that the Legislature has tried to strike a balance between reducing the cost of automobile insurance by providing basic coverage. Under the Automobile Insurance Costs Reduction Act, N.J.S.A. 39:6A-1.1 to -35, the Legislature gave insureds the option to have various types of coverage under a basic automobile insurance policy. <u>See</u> N.J.S.A. 39:6A-3.1. A basic policy does not, by default, provide personal liability insurance but rather makes personal injury liability coverage optional. <u>Citizens United Reciprocal Exch. v. Perez</u>, 223 N.J. 143, 153-54 (2015) (discussing the legislative purpose and clear meaning of N.J.S.A. 39:6A-3.1). The Legislature also stated that a vehicle covered by a basic policy is not considered an uninsured vehicle. N.J.S.A. 17:28-1.1(2)(d). The Association argues that the Legislature's attempt to make insurance coverage more affordable should not cause a lawful occupant of a vehicle, who has no automobile insurance of her own, to be denied coverage. In other words, the Association argues that the provision was an unintended

consequence of the creation of basic policies and that we should construe plaintiff's claim as a claim for uninsured motorist coverage.

Even assuming the Association's argument has some policy appeal, it is an argument that needs to be made to the Legislature, not to a court. As the Association admits, the construction it seeks is at odds with the plain language of the existing statute. Accordingly, we decline to create an exception that is foreclosed by the plain language of the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11